## DEL VECCHIO v. BOWERS.
### No. 5809.

Court of Appeals of the District of Columbia.

Submitted Oct. 5, 1933.

Decided Nov. 13, 1933.

James E. McCabe, of Washington, D. C., for appellants.

Chapin B. Bauman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

PER CURIAM.

This is a compensation case. Act May 17, 1928, 45 Stat. 600, §§ 1 and 2; title 19, §§ 11 and 12, D. C. Code 1929 (33 USCA § 901 note); 33 USCA § 901 et seq.

The employee was manager of a hardware store, numbered 1311 Seventh Street N. W., in the city of Washington. He died while on duty in the store as the result of a gunshot wound from his own revolver. The deputy commissioner held that the claimant had "failed to establish by evidence that the duties of the employee required the use of a gun or that in using the gun at the time the employee was in any way furthering his master's interests, or that the injury resulting in death arose out of his employment."

The lower court before which the case was brought by appropriate proceedings reversed the order of the deputy commissioner on the ground that the possession of the gun in the store, though unknown to the employer, was in furtherance of the employer's interests and that the evidence tended to show that death was accidental.

In this state of the record, we have examined it carefully to determine if there is substantial evidence to support the findings of the deputy commissioner. We think there is not. The uncontradicted evidence shows that the store was located in a rough and dangerous neighborhood where drunkenness and fighting were habitual. Prior managers of the store had found it necessary to have a pistol on hand for protection. Deceased, it was shown, had followed this custom, but had never had one at his other places of employment. There had been an attempted robbery of the store the night before the shooting, and at the very moment of the shooting the damage done on this occasion was being re-

752

paired by a carpenter at the direction of deceased. We cannot and should not shut our eyes to the well-known fact that larceny, house breaking, and even murder have latterly tremendously increased in Washington. Without more, therefore, we think the evidence showed quite clearly that the possession of the pistol was reasonably necessary in the duty which deceased owed to protect his employer's property and his own life. There was no evidence to the contrary, and the deputy commissioner's finding was therefore wholly unsupported.

■ If this were all, we should be obliged to affirm the order of the trial court, but an inspection of the evidence shows that the case was tried before the deputy commissioner on the theory of suicide, but there was no finding one way or the other by the deputy commissioner on this important and, as we think, controlling issue in the case. The statute bars recovery in the case of suicide. Act March 4, 1927, c. 509, § 3, 44 Stat. 1426 (33 USCA § 903). The deputy commissioner should, as we think, have made a finding of fact on this question. He saw the witnesses and observed their demeanor, and is better qualified than we are to pass on this question of fact. The act contemplates that he shall do so, and the regulation promulgated for his guidance directs him to. If we should decide the question for him, we would be passing on a controverted question of fact as to which there is contradictory evidence in the record. This is clearly contrary to the intent of the act. In these circumstances we think the case should be returned to the deputy commissioner, with instructions to find the facts as to the claim of suicide.

Reversed in part, affirmed in part, and remanded, with instructions to the lower court to set aside the decree entered in said court in so far as the same directs the deputy commissioner to make a compensation award and to remand the case to the deputy commissioner, with instructions to proceed therein in accordance with the opinion of this court. Costs of this appeal to be paid by the appellants.

Reversed in part.

Affirmed in part.